UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ROBERT MOCO,                                   :

              Petitioner,          :

      -against-                     :          **MEMORANDUM AND ORDER**

EARL BELL in his capacity as Superintendent :          20-CV-11132 (ER) (KNF)
of Clinton Correctional Facility,

                            :

             Respondent.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE


On December 22, 2020, Robert Moco ("Moco"), proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting: (1) "the state court denied the petitioner his right to a fair trial and due process of law when it abused its discretion in allowing the prosecution to elicit evidence of an uncharged crime without balancing the requisite weight analysis"; (2) "the state court violated the petitioners [sic] right to counsel when it denied his request to retain new counsel"; and (3) "the defendant was denied his 6th Amendment right to the effective assistance of counsel" on the ground that counsel "failed to request a missing witness charge for the witnesses who were not called to testify and had material knowledge to the case, and no explanation for their absence was given by the prosecution."  In his petition, Moco indicated that he did not raise his claim of ineffective assistance of counsel on appeal, and that claim is "currently being filed" through a post-conviction proceeding in a state court.  The respondent answered the petition.

**PETITIONER'S MOTION**

Before the Court is Moco's "motion for stay and abeyance and assignment of counsel."

Moco seeks:

> AN ORDER: Granting my application for Stay and Abeyance on the Grounds that I must return to the state court to exhaust constitutional errors not presented at the state court level, Due to the ineffective assistance of counsel and;
>
> AN ORDER: Assigning me counsel under 18 U.S.C § 3006(a)(2)(b), and/or Rule 6 of the rules governing section 2254 cases to assist me on the grounds that my understanding of the English language and access and knowledge to the law is minimal and inadequate to litigate the proper way as required to prevail on a Habeas Corpus Petition,
>
> AN ORDER: Granting permission to amend my 2254 permission to reflect any and all new issues of law that may have been exhausted upon the litigation at the state court level, for which I see the relief herein[.]

Moco contends that, on October 31, 2019, the New York State Supreme Court, Appellate Division First Department, affirmed his conviction. He sought leave to appeal to the New York Court of Appeals, which was denied on January 9, 2020. Moco's request for reconsideration was denied on March 17, 2020. Moco asserts that good cause exists for delays in exhausting his ineffective assistance of counsel claim because "[t]he Covid-19 pandemic played a major role in the delay of the motion completion as all filings were suspended pursuant to executive order 202. In addition, the petitioner's access to his correctional facility Law Library as well as access to his assigned legal assistance was limited to social distancing and covid-19 outbreaks within the petitioner's correctional facility." Moco argues that he will be prejudiced by a denial of his request for the stay because his claim would be dismissed as unexhausted and he "may be barred from presenting additional grounds at a later date." According to Moco, his claim has merit based on the arguments in "his pending 440.10 motion." Moco was denied effective assistance from his counsel, when "counsel failed to request a missing witness charge against the prosecution for multiple witnesses who had material knowledge of the case" and no explanation

for their absence was given by the prosecution.  For example, "Rania was a Close friend of the Complainant and potential prosecution witness" because "Rania was witness to key incident testified to by [the complainant]" and "her testimony was relevant enough for the people to place her on the witness list."  The prosecution's "failure to call Rania and Trial Counsels [sic] failure to request a missing witness charge prejudiced the defendant's case."

Moco contends that he filed in a state court a motion to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, on December 15, 2020, on the ground of ineffective assistance of counsel.  The motion was premised on his counsel's failure to request a missing witness charge for one of the prosecution's witnesses. Moco argues that he cannot be responsible for the pandemic and the administrative challenges it posed on the court and "the insufficient communication in regards to when the petitioner was allowed to file."  Moco asserts that he "wrote to the county court asking for the status of his motion with no response, on multiple occasions."

Moco contends that the circumstances of his case warrant appointment of counsel pursuant to 18 U.S.C. § 3006(a)(2)(b) and he needs counsel "who will be with him throughout the entire length of the Habeas Proceedings and any subsequent appeals that may be needed." Moco asserts that he is "an Albanian immigrant with a minimal education and does not have a complete grasp of the English language."  Moco maintains that he was assigned a legal assistant in his correctional facility law library, but "the combined legal knowledge and experience are of sub par to argue against the experience and knowledge of a seasoned attorney when navigating the habeas corpus procedure."  The appointment of counsel "is integral to the petitioner's chances of success on this petition."  In support of his motion, Moco submitted Exhibit A (the petitioner's letters, dated April 15 and June 15, 2021, to the Clerk of the New York County

Supreme Court inquiring about the status of his CPL § 440.10 motion), Exhibit B (the petitioner's CPL § 440.10 motion) and Exhibit C (an affidavit by Vincent Duwe, a paralegal assistant in the Clinton Correctional Facility Law Library). Exhibit B, the petitioners state court motion, seeks an order "[v]acating Defendant's Conviction on the grounds that due to cumulative errors the defendant was denied his 6[th] amendment right to the effective assistance of counsel, where trial counsel failed to request a missing witness charge for multiple prosecution witnesses who were material to the case, counsel failed to request a mental competency evaluation of the defendant during and before trial."

### RESPONDENT'S LETTER-RESPONSE TO THE MOTION

The respondent does not oppose the request for appointment of counsel but opposes the request to stay the petition and to amend the petition to include "any new issues that petitioner may exhaust." According to the respondent, the petitioner admitted, through his petition, that he did not exhaust his ineffective assistance of counsel claim but failed to: (a) attach a copy of his CPL§ 440.10 motion; and (b) seek a stay of the proceedings after filing his petition. The petitioner filed this motion after the respondent answered the petition pursuant to the Court's order, informing the court that, despite the petitioner's claim that he was in the midst of exhausting his claim, "as early as April 2021, no such motion had been filed with the New York County Clerk nor received by the New York County District Attorney's office. Doc. # 14 at ECF 38." Although the petitioner claims that his filing of a state-court motion was delayed due to COVID-19, "the pandemic had not delayed petitioner's ability to file his habeas petition" and he "did not explain why he could not have filed the motion after his conviction became final, in January 2020, before the pandemic was declared." Moreover, the petitioner did not establish that his claim is meritorious. The respondent asserts:

Petitioner filed this stay motion, and requests for additional relief, about 2½ months after respondent filed his responding papers. Doc. #20. In his motion, he contends that he did file a CPL § 440.10 motion, dated December 15, 2020, in an effort to exhaust his ineffective counsel claim based on counsel's failure to request missing witness charges; the motion, which petitioner attached to his stay motion, also raises the claim, not contained in the petition, that counsel was ineffective for failing to ask the court to have petitioner's mental competency evaluated before and during trial. Doc. #20-2, Exhibit B. In his stay motion, petitioner reiterates as good cause the delay caused by the pandemic, as "all filings were suspended," and adds that because the prison had put social distancing rules in place, petitioner had limited access to the law library and to his legal assistant. Doc. #20 at ECF 7.

Although the petitioner asserts that he wrote letters in April and June of 2021 to the clerk of court inquiring about the status of his CPL § 440.10 motion and received no response, the respondent contends "that the motion papers are addressed, at several places in the motion, to the clerk of the court at 100 Church Street, New York, New York.  The clerk's office is located, however, in 100 Centre Street."  The petitioner's excuses for failing to show good cause for failure to exhaust his claim before he filed his petition, "or, at least, for not seeking a stay from the Court before respondent had to file a response," are general and do not address the period between January and March of 2020, before the pandemic occurred, during which he could have litigated his claim in state court.  Notwithstanding that various state limitations periods were suspended, the courts were operating, and the petitioner could have attempted to file his motion prior to filing his petition.  Additionally, the unexhausted claim lacks merits.

In his § 440.10 motion, petitioner alleges that counsel should have requested missing witness instructions with respect to Rania, the victim, Ms. Mellou's, friend. Rania had been on the People's witness list. She had been performing as a singer at a restaurant when petitioner entered the restaurant, pulled Mellou out of it, abducted her in his car, and beat her at petitioner's workplace. Rania thus witnessed, at most, petitioner enter the restaurant and pull Mellou from it. (Mellou: 106-28, 203-09.) After Mellou escaped and later went to Rania's home to retrieve her belongings, which she had left in the restaurant, petitioner was screaming outside of the house, demanding to know Rania's whereabouts. Mellou testified that she and Rania were no longer friends because Rania was frightened by the incident at the restaurant. (Mellou: 203-04.) Although petitioner has represented his ineffective

5

counsel/missing witness argument as one based on events occurring off the record, he does not state what off-the-record events might support this argument. Rather, petitioner relies on record excerpts to support his claim regarding the materiality of Rania's testimony. He provides even fewer details with respect to other witnesses that he believes may have been the subject of missing witness instructions. *See* Doc. # 20-2 at ECF 15-18. Thus, when this motion is finally presented to a New York County court, that court will be constrained to find the claim procedurally barred because petitioner could have raised it on appeal. *See* CPL § 440. And that procedural bar will serve to bar habeas relief. Consequently, petitioner cannot establish that this claim has potential merit, because a § 440.10 court cannot even entertain the claim. Moreover, petitioner does not explain the basis for his claim that counsel was ineffective for not requesting that the court order a mental competency evaluation. He therefore fails to establish that there is potential merit to that claim, as well.

The respondent asserts that the petitioner's request to amend the petition should be denied because, "although petitioner presumably intends to amend his petition to add the ineffective counsel claims based on the failure to request missing witness charges and competency evaluations, in the event that he intends to add claims other than those claims, petitioner has failed to explain how any particular proposed claim relates back to his original petition."

### PETITIONER'S REPLY

Moco asserts that he could not have raised his unexhausted claim on appeal because his trial counsel made no objection at trial; thus, an unpreserved claim can only be raised through a CPL § 440.10 motion.  Moreover, the petitioner's "appellate attorney cannot be considered ineffective for failing to raise an issue that was not preserved for appellate review" and the petitioner "would not be able to present his claim through a Writ of Error Coram Nobis," which is "the only vehicle to present a claim of ineffective assistance of appellate counsel for failing to raise an issue on Direct Appeal."  Concerning the respondent's assertion that the petitioner could have raised his claim before the pandemic, Moco asserts that he "is an Albanian immigrant with minimal education and does not have a complete grasp of the English language."  He maintains

6

that "the address typographical error" does not warrant denial of his petition and the petitioner never received a copy of his motion that was sent to "Church Street" and not "Centre Street" or a response from the county court about the status of his motion.

Moco contends that his unexhausted claim is not meritless because the record shows that multiple individuals have witnessed the petitioner's conduct, not only Rania, and the prosecution's failure to call them and counsel to request a missing witness charge prejudiced Moco, especially because "Rania's testimony was paramount to the credibility of Ms. Mellou's version of events at the restaurant."

## LEGAL STANDARD

When a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not, namely, a "mixed" petition, a district court has discretion to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275, 125 S. Ct. 1528, 1534 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines" that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277-78, 125 S. Ct. at 1535.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which

the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's [the Antiterrorism and Effective Death Penalty Act of 1996] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562, 2566 (2005).

### APPLICATION OF LEGAL STANDARD

The respondent failed to comply with Local Civil Rule 7.1(b) of this court because he did not submit a memorandum of law and affidavits in support of his opposition. Thus, the Court will not consider the respondent's factual assertions in his letter-response unsupported by evidence.

### *Stay and Abeyance*

The respondent does not argue that the petitioner's motion is motivated by a desire to delay the proceedings. The respondent asserts, without any evidence in support, that "as of April 2021 no such motion had been filed with the New York County Clerk nor received by the New York County District attorney's office." However, Moco submitted evidence suggesting that, in April and June 2021, he attempted to make inquiries with the state court about the status of his "December 15, 2020" motion. In his petition, filed on December 22, 2020, Moco asserted that his state court motion is "currently being filed." However, in his petition, Moco did not assert,

as a ground for his ineffective assistance of counsel claim, that "counsel failed to request a mental competency evaluation of the defendant during and before trial," and he did not mention that ground in the instant motion or explain, in his reply to the respondent's raising of the issue, his failure to assert that ground in the petition.  Moco did not make any argument, in his state-court motion filed as Exhibit B or this motion, in connection with ineffective assistance of counsel based on counsel's failure "to request a mental competency evaluation of the defendant during and before trial."  Thus, no basis exists for the Court to determine the merits of that ground.

Upon review of the parties' submissions, the Court finds that Moco's claim of ineffective assistance of counsel based solely on the ground that "trial counsel failed to request a missing witness charge for multiple prosecution witnesses who were material to the case" is potentially meritorious, and Moco showed good cause for failing to exhaust that claim timely, owing it to the restrictions and limitations posed by the COVID-19 pandemic proclaimed on March 13, 2020, by the president of the United States.  Thus, a stay and abeyance of the petition is warranted.

Moco's ineffective assistance of counsel claim relates back to the original petition because it arose out of the conduct attempted to be set out in the petition.  Accordingly, amending the petition to include Moco's claim of ineffective assistance of counsel based solely on the ground that "trial counsel failed to request a missing witness charge for multiple prosecution witnesses who were material to the case" is warranted.

Moco's request to amend the petition to add "any and all new issues of law that may have been exhausted upon the litigation at the state court level" is denied because no basis exists to allow Moco to add unidentified unexhausted claims.

*Appointment of Counsel*

"A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . .  is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C.A. § 3006A(a)(2)(B).  The factors to consider when determining if appointing counsel is in the interest of justice include the threshold issue of "whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  "Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute."  Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

Upon review of Moco's petition and the instant motion, the Court is not convinced, at this time, that the petitioner's claims meet the threshold requirement: that they are likely of substance, thus warranting the appointment of counsel to assist him.  Despite Moco's assertion that he "does not have a complete grasp of the English language" and his knowledge of law is sub-par to that of seasoned counsel, the petitioner has demonstrated the ability to prepare and file the petition, the instant motion, as well a motion for post-conviction remedies in the state court

without the assistance of counsel.  Therefore, sufficient grounds for granting Moco's request for counsel are not present.

## CONCLUSION

For the foregoing reasons, the petitioner's motion, Docket Entry No. 20, is granted in part and denied in part as follows: (1) the petition is stayed and held in abeyance until the petitioner exhausts his claim of ineffective assistance of counsel solely on the ground that "trial counsel failed to request a missing witness charge for multiple prosecution witnesses who were material to the case"; (2) the petition is amended to include the petitioner's claim of ineffective assistance of counsel solely on the ground that "trial counsel failed to request a missing witness charge for multiple prosecution witnesses who were material to the case"; and (3) the petitioner's request for appointment of counsel is denied, without prejudice.  The petitioner must return to the Court within 60 days after he exhausts his claim of ineffective assistance of counsel solely on the ground that "trial counsel failed to request a missing witness charge for multiple prosecution witnesses who were material to the case."

**The Clerk of Court is directed to mail a copy of this Memorandum and Order to the petitioner**.

Dated:  New York, New York                    SO ORDERED:
       September 22, 2021

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE